UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUNT,<br><br>   Plaintiff,<br><br>   v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>   Defendant. | Case No. 13-cv-05966-HSG   (DMR)<br><br>**NOTICE OF REFERENCE AND ORDER RE: DISCOVERY PROCEDURES**<br><br>Re: Dkt. Nos. 55-61 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of all discovery matters, including the parties' seven joint discovery letter briefs filed on March 24, 2015 (Docket Nos. 55, 56, 57, 58, 59, 60, 61). [Docket No. 67.]

The court has reviewed the joint discovery letters. Pursuant to the court's Standing Order regarding resolution of discovery disputes (see below), the undersigned requires parties to meet and confer **in person or by telephone** to try to resolve their disagreements. It does not appear that the parties have done so here; in fact, the parties represent that they last exchanged meet and confer letters in January 2015. It appears that further meet and confer would be fruitful. Therefore, the court orders the parties to meet and confer in person or by telephone by no later than **April 9, 2015** to attempt to narrow their disputes. Should any disputes remain after meeting and conferring, the parties may file a single joint letter that does not exceed twelve pages addressing all remaining disputes raised in the seven letters by no later than **April 16, 2015**. If necessary, the court will set a hearing on any remaining disputes after reviewing the letter.

Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure, and the Northern District of California's Local Rules, General Orders, and Standing Orders. Local rules, general orders, standing orders, and instructions for using the Court's

Electronic Case Filing system are available at http://www.cand.uscourts.gov. Failure to comply may result in sanctions.

## RESOLUTION OF DISCOVERY DISPUTES

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must be **in person or by telephone,** and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates. Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before moving to the next issue. The joint letter shall not exceed **eight** pages (12-point font or greater; margins no less than one inch) without leave of court. **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.** In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **three** pages, which shall include an explanation of why a joint letter was not possible. The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto. No other information shall be included in the exhibit. No other exhibits shall be submitted without prior court approval. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary. **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief"**.

1   The court has found that it is often efficient and beneficial for counsel to appear in person
2 at discovery hearings.  This provides the opportunity to engage counsel, where appropriate, in
3 resolving aspects of the discovery dispute while remaining available to rule on disputes that
4 counsel are not able to resolve themselves.  **For this reason, the court expects counsel to appear**
5 **in person.**  Permission to attend by telephone may be granted upon written request made at least
6 one week in advance of the hearing if the court determines that good cause exists to excuse
7 personal attendance, and that personal attendance is not needed in order to have an effective
8 discovery hearing.  The facts establishing good cause must be set forth in the request.
9 In emergencies during discovery events (such as depositions), any party may, after exhausting
10 good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-
11 1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the
12 discovery event shall proceed with objections noted for the record.

### CHAMBERS COPIES AND PROPOSED ORDERS

14   Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of
15 certain filings and mark it as a copy for "Chambers." All chambers copies should be three-hole
16 punched, and must include tabs between exhibits.
17   Any stipulation or proposed order submitted by an e-filing party shall be submitted by
18 email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the
19 document is e-filed.  This address should only be used for this stated purpose unless otherwise
20 directed by the court.

### PRIVILEGE LOGS

22   If a party withholds responsive information by claiming that it is privileged or otherwise
23 protected from discovery, that party shall **promptly** provide a privilege log that is sufficiently
24 detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the
25 parties agree to alternative logging methods, the log should include: (a) the title and description of
26 the document, including number of pages or Bates-number range; (b) the subject matter addressed
27 in the document; (c) the identity and position of its author(s); (d) the identity and position of all
28 addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on

which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to promptly furnish a privilege log may be deemed a waiver of the privilege or protection.

**IT IS SO ORDERED.**

Dated: March 31, 2015



DONNA M. RYU
United States Magistrate Judge