UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUNT,<br>　　　　Plaintiff,<br>　　v.<br>CONTINENTAL CASUALTY COMPANY,<br>　　　　Defendant. | Case No. 13-cv-05966-HSG   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 82, 83, 99, 112 |

　　　　Plaintiff Susan Hunt and Defendant Continental Casualty Company ("CNA") filed joint discovery letters on April 21, 2015, May 8, 2015, and May 21, 2015 in which the parties each moved to compel further responses to discovery. [Docket Nos. 82 (Letter re Attorneys' Fees), 83 (Letter re Mitigation), 99 (May 8, 2015 Letter), 112 (Letter re ESI).] The court conducted a hearing on May 28, 2015. This order memorializes the rulings made on the record at the hearing.

**A.    Docket No. 82 (Information re Attorneys' Fees)**

　　　　The court has reviewed Dr. McNeal's deposition testimony and what appear to be Dr. McNeal's weekly treatment notes over a two-year period of time. Since the notes contain only two isolated references to the attorneys' fees Plaintiff has incurred in connection with this litigation, the court finds that the notes do not support further discovery based on Defendant's claim that the cost of this lawsuit is a significant factor contributing to Plaintiff's emotional distress. Defendant's motion to compel is denied.

**B.    Docket No. 83 (Mitigation-Related Documents)**

　　　　Plaintiff did not establish that she acted with sufficient diligence in searching for and producing responsive mitigation documents. This resulted in the production of a significant number of documents after the date of her second deposition session on February 24, 2015. Defendant was not able to question Plaintiff about the documents, and the documents were not

available for review by Defendant's expert. Therefore, Plaintiff is precluded from relying on any documents responsive to RFP 101 (mitigation-related documents) that she produced after February 24, 2015 but only to the extent that they pertain to events before February 24, 2015. Plaintiff is also precluded from relying on testimony regarding such documents.

### C. Docket No. 99 (Response to Plaintiff's Interrogatory & RFA)

Defendant's response to interrogatory No. 21 is insufficient. Defendant shall amend its response to interrogatory No. 21 to provide a full, complete response.

RFA 19 asks Defendant to "[a]dmit that the financial performance of the San Francisco branch declined in 2013 after Plaintiff Susan Hunt left her position as Branch Vice President." Plaintiff has amended the RFA to replace the term "financial performance" with "profitability." According to Plaintiff, numerous defense witnesses have testified that they consider the "profitability" of individual branches in making various decisions; Defendant did not dispute this. Therefore, Defendant shall provide a response to amended RFA 19 that complies with Federal Rule of Civil Procedure 36. If the matter is not admitted, Defendant's "answer must specifically deny it or state *in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

Defendant's amended responses to interrogatory No. 21 and RFA 19 shall be served within five days of the date of this order.

### D. Docket No. 112 (Dispute re ESI)

Defendant created a list of proposed search terms which it provided to Plaintiff in December 2014 and invited discussion about them. Plaintiff chose not to engage in that discussion, and instead responded with its own search terms in January 2015. Many of Plaintiff's search terms are patently overbroad (e.g., a proposed search for "Susan" or "Hunt" in the custodial files of national level managers). Although the court gave Plaintiff the opportunity to propose more tailored searches, Plaintiff declined. The court reviewed the search terms run by Defendant and finds them to be generally reasonable. Therefore, Defendant shall run the searches it proposed for search groups 9, 12, and 15 as set forth on page three of the parties' joint letter and produce all responsive documents generated by the searches within 10 days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 29, 2015



Donna M. Ryu
United States Magistrate Judge