UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN HUNT,

    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

Case No. 13-cv-05966-HSG

**ORDER GRANTING LEAVE TO FILE AMENDED RULE 26 EXPERT REPORT**

Re: Dkt. No. 107

## I. INTRODUCTION

Plaintiff Susan Hunt ("Plaintiff") requests leave to amend the rebuttal expert report of Dr. Phillip Allman ("Dr. Allman"). Having reviewed the parties' arguments as set forth in the moving papers, the Court hereby GRANTS Plaintiff's motion for leave to file an amended Rule 26 expert report.

## II. BACKGROUND

On April 17, 2015, Plaintiff served her rebuttal expert disclosures identifying Dr. Allman as a rebuttal expert and including Dr. Allman's Report of Plaintiff's Economic Loss Mitigation (the "Allman Report"). Declaration of Stacey L. Pratt ("Pratt Decl."), Ex. A. The parties set Dr. Allman's deposition for May 8, 2015. Pratt Decl. ¶ 5. According to Plaintiff, on May 6, 2015 while preparing for his deposition, Dr. Allman became aware that he had used an incorrect fraction in his calculations regarding the probability of Plaintiff finding employment in three specific time periods. Declaration of Phillip Allman ("Allman Decl.") ¶ 5. On that same day, May 6, 2015, Dr. Allman amended his computations and provided Defendant's counsel with his revised calculations correcting the mistake in the Allman Report. *Id.,* Pratt Decl. ¶ 6. On May 8, 2015 Dr. Allman was deposed in connection with this case and disclosed the error to opposing counsel. Allman Decl. ¶ 6. At his deposition, Dr. Allman informed counsel that he believed

additional revisions were required and that he intended to revise his calculations. *Id.* On May 11, 2015, Dr. Allman revised his calculations in the manner discussed at his deposition. Allman Decl. ¶ 7; Declaration of Andrew Verriere ("Verriere Decl."), Ex. 1, 96:9-98:20 (Allman Dep.). Also on May 11, 2015, Dr. Allman prepared an amended Rule 26 report that corrected the percentages based on the wrong data contained in paragraph 5 of the report to comport with the percentages set forth in the amended computations. *Id.* The resulting calculations upwardly adjusted the "probability of a successful job search for the average candidate employee" in Plaintiff's position. *Compare* Pratt Decl. Ex. A at p. 17 ¶¶ 5, 10 (4/17/15 Allman Report) *with* Allman Decl. Ex. B at p. 3 ¶¶ 5, 10 (5/11/15 Amended Allman Report). That is, the new calculations were more favorable to Defendant's position than to Plaintiff's. Aside from those corrected calculations, Dr. Allman's report did not change. On May 12, 2015, Plaintiff served Dr. Allman's amended report on Defendant. Pratt Decl. ¶ 8. Defendant received notice of Dr. Allman's amended calculations, and the amended report, before the depositions of Defendant's damages expert Dr. Mary Faust, and Defendant's expert on Plaintiff's employability and mitigation, Dr. James Langenfeld. Pratt Decl. ¶¶ 9-10. Dr. Faust indicated in her deposition that Dr. Allman's new calculations did not impact her opinions in this case. *Id.* at ¶ 9.

The close of expert discovery was on May 14, 2015. Plaintiff provided the amended Allman Report to Defendant before the discovery cut-off, but Defendant would not stipulate to amendment, and as a result, Plaintiff filed the instant motion. Defendant opposes the motion.

### III.   LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct expert disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e)(2) extends the duty to supplement information from Rule 26(a) to the expert's report and information given in the expert's deposition. Fed. R. Civ. P. 26(e)(2). "[R]ule 26(e) does not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" *France Telecom S.A. v. Marvell Semiconductor Inc.,* Case No. 12-CV-04967-WHO, 2014 WL 1899616, at *3 (N.D. Cal. May 12, 2014).

1  Having reviewed the materials submitted by the parties, the Court finds that the amended
2  Allman Report comports with the requirements of Rule 26.  As soon as Dr. Allman discovered the
3  errors in his calculations, he updated them and promptly notified opposing counsel.  Allman Decl.
4  ¶ 5; Pratt Decl. ¶ 6.  The new calculations are not based on new opinions or theories, but instead
5  are corrections of mathematical errors in the original report.  Plaintiff attempted to provide the
6  amended report to defense counsel before the expert discovery cut-off in this case, but
7  Defendant's counsel refused.  At Dr. Allman's deposition, Defendant's counsel had the
8  opportunity to question him on the new calculations and did so.  *See* Allman Dep. at 96:9-98:20.
9  Both of Defendant's experts were deposed after the calculation errors were discovered and the
10 amended calculations and report were provided to Defendant.  At least one of Defendant's experts
11 noted that the amended calculations would not impact her opinion.  Pratt Decl. ¶ 9.  Finally,
12 Defendant has not pointed to any resulting prejudice that would occur as a result of allowing
13 Plaintiff to rely on the amended Allman Report.
14 For these reasons, Plaintiff's Motion for Leave to Amend the Rule 26 Report of Dr. Phillip
15 Allman is GRANTED.

**IT IS SO ORDERED.**

Dated:  July 24, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

3