UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN HUNT,

    Plaintiff,

  v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

Case No. 13-cv-05966-HSG

**ORDER DENYING STIPULATION REGARDING PLAINTIFF'S MOTION TO SEAL**

Re: Dkt. No. 134

At the hearing on Defendant's motion for summary judgment, the Court directed the parties to meet and confer regarding Plaintiff's administrative motion to file under seal and comply with Civil Local Rule 79-5. Local Rule 79-5 sets forth specific requirements for filing documents under seal in civil cases. The parties' stipulation does not meet these requirements. Under the Local Rule, the party asserting a claim of confidentiality over a document must file a declaration that

> establish[es] that the document sought to be filed under seal, or portions thereof, are sealable. Reference to a stipulation or protective order . . . is not sufficient . . . . The procedures detailed in Civil L.R. 79-5(e) apply to requests to seal in which the sole basis for sealing is that the document(s) at issue were previously designated as confidential or subject to a protective order.

Civ. L.R. 79-5(d)(1)(A).

The Court further cautions the parties that the submitted declarations must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations, quotation marks, and alterations omitted).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, the requested sealing must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Although in her motion to seal Plaintiff argues in the abstract why various categories of documents are sealable, Plaintiff does not support that legal argument with facts specific to the documents sought to be sealed. Furthermore, it does not appear that the request to seal is narrowly tailored, as required by the local rules.

The parties are directed to comply with the above-described requirements by Friday, September 4, 2015, so that the Court can properly consider Plaintiff's motion to seal. In addition, due to the large number of documents sought to be sealed, it would be helpful to the Court for the parties to submit a summary chart listing the document sought to be sealed, the particular portions of the document that contain sealable material, and the legal and factual bases for sealing that material. If the parties fail to comply with this Order, the Court will not consider the documents sought to be sealed when ruling on Defendant's motion for summary judgment unless unredacted versions of those documents are promptly filed in the public record.

**IT IS SO ORDERED.**

Dated: August 31, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge