UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN HUNT,

    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

Case No. 13-cv-05966-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

Re: Dkt. Nos. 124, 141

Pending before the Court is Plaintiff Susan Hunt's administrative motion to file under seal documents related to Defendant Continental Casualty Company's motion for summary judgment and Plaintiff's opposition to that motion. Dkt. Nos. 124, 141. Defendant filed a declaration in support of Plaintiff's motion to seal. Dkt. No. 139. No opposition to the motion to seal was filed, and the time to do so has passed.

## I.  LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."

*Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendant's motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard to Plaintiff's motion to seal.

2

## II. DISCUSSION

### A. Talent Reviews

Defendant first seeks to seal exhibits P and AA to the declaration of Stacey Pratt, which are "Talent Reviews" that contain information related to the performance of certain of Defendant's employees other than Plaintiff. Defendant seeks to seal only "the names of all individuals contained therein except the name of [Plaintiff]." Dkt. No. 139 ¶ 4. The Court finds that the information sought to be sealed by Defendant implicates important privacy concerns of non-parties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records. Furthermore, the Court finds that Defendant's proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Accordingly, the Court GRANTS the motion to seal the names of all individuals, besides Plaintiff, contained in exhibits P and AA to the declaration of Stacey Pratt.

### B. Confidential Financial Information

Defendant also seeks to seal the entirety of exhibits EE and FF to the declaration of Stacey Pratt. Katherine Wilson, Vice President, Underwriting for Defendant, avers that these documents "contain sensitive financial information," disclosure of which "would allow a competitor an unfair advantage in the marketplace . . . by allowing them to glean otherwise confidential information about [Defendant's] strengths and areas for improvement in various geographic areas and market segments that is not otherwise available to the public." Dkt. No. 139-1 ¶¶ 2, 5. The Court finds that exhibits EE and FF contain sealable information. *See Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-02590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (granting motion to seal documents containing confidential financial information). Furthermore, the Court finds that Defendant's proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Accordingly, the Court GRANTS the motion to seal the entirety of exhibits EE and FF to the declaration of Stacey Pratt.

### C. Settlement Offer Letter

Defendant next seeks to seal the entirety of exhibit GG to the declaration of Stacey Pratt, which it argues "is sealable because it is a settlement offer letter." Dkt. No. 139 ¶ 6. The Court

3

agrees that exhibit GG contains sealable information. *See Huang v. Behpour*, No. 11-cv-00456-SOM, 2012 WL 3201952, at *1 (D. Haw. Aug. 2, 2012) (sealing settlement communication and "recognizing a compelling need to protect settlement offers"). Furthermore, the Court finds that Defendant's proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Accordingly, the Court GRANTS the motion to seal the entirety of exhibit GG to the declaration of Stacey Pratt.

### D. Social Security Numbers

Finally, Defendant seeks to seal the social security numbers contained in exhibits II, LL, MM, and NN to the declaration of Stacey Pratt. Defendant does not identify any sealable information aside from the individual social security numbers. Rather than seal this information, the Court directs Plaintiff to publicly file redacted versions of these exhibits in accordance with Federal Rule of Civil Procedure 5.2(a). Because the redactions will eliminate the need for sealing, the Court DENIES the motion to seal the social security numbers contained in exhibits II, LL, MM, and NN to the declaration of Stacey Pratt.

### E. Deposition Testimony Of Plaintiff's Psychotherapist And Related Mental Health Records

Plaintiff seeks to seal exhibit K to the declaration of Andrew Verriere, which contains excerpts of the deposition testimony of Plaintiff's psychotherapist, handwritten notes taken by Plaintiff's psychotherapist during Plaintiff's therapy sessions, and billing records related to those sessions. The Court finds that Plaintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal exhibit K and that the request is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-cv-02258-SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court records). Accordingly, the Court GRANTS the motion to seal the entirety of exhibit K to the declaration of Andrew Verriere.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal is GRANTED IN PART and DENIED IN PART. Within four days of the date of this Order, Plaintiff shall (1) publicly file exhibits P, AA, EE, FF, and GG to the declaration of Stacey Pratt, and exhibit K to the declaration of Andrew Verriere, redacted as described above; and (2) separately file under seal the unredacted versions of those exhibits. Also within four days of the date of this Order, Plaintiff shall publicly file redacted versions of exhibits II, LL, MM, and NN to the declaration of Stacey Pratt, in accordance with Federal Rule of Civil Procedure 5.2(a).

**IT IS SO ORDERED.**

Dated: September 14, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge