UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>    Defendant. | Case No. 13-cv-05966-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL**<br><br>Re: Dkt. No. 222 |

Pending before the Court is Defendant Continental Casualty Company's administrative motion to file under seal its offer of proof regarding the testimony and notes of Dr. Shirley McNeal, and exhibits A, B, C, D, and E attached thereto. Dkt. No. 222. No opposition to the motion to seal was filed, and the time to do so has passed.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In

general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendant's offer of proof is a nondispositive filing, the Court applies the "good cause" standard to Defendant's motion to seal.

## II. DISCUSSION

Defendant seeks to seal the entirety of its offer of proof, as well as the entirety of exhibits A-E attached thereto. Dkt. No. 222-1 ¶ 2. Defendant moves to seal the exhibits attached to the offer of proof because those documents were all designated as "Confidential" by Plaintiff under the parties' protective order. *Id.* Plaintiff did not file a declaration within four days of the filing of Defendant's motion to seal establishing that all of the designated material is sealable, as required by Local Rule 79-5(e)(1). Nevertheless, in the interest of efficiency, the Court finds that good cause exists to seal the exhibits attached to Defendant's offer of proof, in light of the Court's September 14, 2015 Order sealing similar exhibits under the "compelling reasons" standard. *See* Dkt. No. 142. Furthermore, the Court finds that Defendant's request to seal exhibits A-E is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.

However, the Court finds that Defendant's request to seal the entirety of its offer of proof is not narrowly tailored to seal only sealable material. While those portions of the offer of proof that directly quote or summarize the contents of the sealed exhibits should be redacted, the Court finds that good cause does not exist to seal the remainder of the filing.

Accordingly, the Court GRANTS Defendant's motion to seal with respect to exhibits A, B, C, D, and E to Defendant's offer of proof regarding the testimony and notes of Dr. Shirley McNeal. The Court DENIES Defendant's motion to seal as to the offer of proof itself. Defendant shall file a revised motion to seal its offer of proof that seeks to redact only those portions of the filing that contain sealable material by November 18, 2015.

**IT IS SO ORDERED.**

Dated: November 16, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge