UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUNT,<br><br>          Plaintiff,<br><br>    v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>          Defendant. | Case No. 13-cv-05966-HSG<br><br>**FURTHER PRETRIAL ORDER**<br><br>Re: Dkt. No. 225 |

Pursuant to the Court's October 21, 2015 Pretrial Order, Dkt. No. 214, the parties filed offers of proof and supplemental briefing regarding disputed evidentiary and legal issues. *See* Dkt. Nos. 218-20, 222-27, 229, 231-37. This Order resolves some of those outstanding disputes. The remainder will be resolved at the further pretrial conference scheduled on November 20, 2015.

**A.  Adverse Employment Action**

Defendant Continental Casualty Co. argues that "the only alleged adverse employment action at issue upon which relief could be granted [is] Plaintiff's claim that she was constructively discharged." Dkt. No. 218 at 8. Defendant asserts two bases for this argument: (1) Plaintiff failed to raise any other alleged adverse employment actions in her DFEH charge, and therefore failed to exhaust her administrative remedies with respect to claims based on those actions; and (2) any other alleged adverse employment actions that occurred prior to March 29, 2012 are barred by the one-year statute of limitations.

The Court disagrees on both points. Under Ninth Circuit case law, Defendant's affirmative defense of failure to exhaust administrative remedies would apply only if Plaintiff had attempted to allege an entirely new cause of action, which clearly is not the case here. *See Rodriguez v.*

1  *Airborne Express*, 265 F.3d 890, 898 (9th Cir. 2001) (finding that the plaintiff had failed to
2  exhaust his administrative remedies where DFEH charge complained of race discrimination and
3  state court complaint added an entirely new claim for discrimination on the basis of mental
4  disability). Plaintiff raised the same four FEHA causes of action in her DFEH complaint as she
5  does in the present action. Any additional factual allegations that have surfaced in this litigation
6  "are like and reasonably related to" the actions included in the DFEH charge, and therefore may
7  properly be considered in this case. *See Brown v. Puget Sound Elec. Apprenticeship & Training
8  Trust*, 732 F.2d 726, 729 (9th Cir. 1984).

9  Further, the Court finds that Defendant's statute of limitations defense is, at best,
10  premature. Plaintiff has alleged a series of discriminatory actions taken by Defendant that, in
11  Plaintiff's view, constituted a targeted "campaign to downgrade Plaintiff's performance to set her
12  up for termination." Dkt. No. 227 at 6. California's continuing violation doctrine provides that a
13  "systematic policy of discrimination is actionable even if some or all of the events evidencing its
14  inception occurred prior to the limitations period." *Watson v. Dep't of Rehabilitation*, 212 Cal.
15  App. 3d 1271, 1291 (1989) (internal quotation marks omitted). Accordingly, so long as Plaintiff
16  shows at trial that Defendant's alleged systematic policy of discrimination and retaliation
17  continued into the limitations period, evidence of such policy that predates the limitations period
18  may properly be introduced. Defendant may dispute any alleged evidentiary deficiencies in a
19  post-trial motion.

20  For the foregoing reasons, the Court will not instruct the jury that Plaintiff's alleged
21  constructive discharge is the only adverse employment action at issue with respect to Plaintiff's
22  claims for age discrimination, gender discrimination, and retaliation.

23  **B.    Punitive Damages**

24  Defendant argues that the jury must be instructed that punitive damages may not be
25  awarded if the jury finds that Defendant "made a good faith effort to comply with the law." Dkt.
26  No. 218 at 7. Contrary to Defendant's contentions, *Kolstad v. American Dental Association*, 527
27  U.S. 526 (1999), and *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999), do not require any alteration
28  to the applicable CACI instruction. Accordingly, the Court will give the CACI instruction, which

accurately describes what the jury must find in order to award punitive damages.

### C. Plaintiff's Motion To Seal Defendant's Trial Exhibits That Disclose Plaintiff's Mental Health Records

Plaintiff asks the Court to seal Defendant's proposed trial exhibits 378 and 433 should they be introduced at trial. Dkt. No. 225. The Court finds that Plaintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal exhibits 378 and 433 at trial and that the request is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-cv-02258-SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court records). Accordingly, the Court GRANTS Plaintiff's motion to seal. If exhibits 378 and 433 are admitted into evidence at trial, they shall be shown only to the jury during trial and deliberations. Furthermore, the exhibits shall be lodged under seal following trial and destroyed following the exhaustion of appellate review.

The Court also notes that these exhibits have been publicly available on the docket since May, *see* Dkt. No. 115-2, despite the Court's order granting leave to file them under seal. *See* Dkt. No. 142. The parties are directed to meet and confer regarding the removal of this sealed document from the public docket.

**IT IS SO ORDERED.**

Dated: November 16, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge